IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LEO L. DURAN,

    Petitioner,

v.                                                                                                                    CV 11-0816 JB/GBW

WARDEN LAWRENCE JARAMILLO,
D.O.C. OF NEW MEXICO,
ATTORNEY GENERAL BRUCE [sic] KING,

    Respondents.

## ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION FOR COURT INTERVENTION

THIS MATTER comes before the Court on Petitioner's motion for court intervention and his declaration in support of that motion. *Docs. 24, 25.* Petitioner argues that the Court should intervene on his behalf to ensure that Respondent[1] give him adequate access to legal materials. The parties have fully briefed the motion, (*docs. 28, 32*), and the Court has fully apprised itself on the relevant issues. The Court will grant in part and deny in part the motion to intervene. The Court will order Petitioner to follow the procedures that Respondent has indicated Petitioner should use to request legal materials; the Court will order Respondent to respond to such requests by supplying Petitioner with adequate access to legal materials; the Court will deny the motion with respect to Petitioner's request for a hearing on the issue of his access to

---

[1] The only remaining named defendant in the case is the Attorney General of the State of New Mexico. *Doc. 6* at 1.

legal materials; and the Court will grant Petitioner's request that the Court extend his filing deadlines.

## *Background*

A jury convicted Petitioner of aggravated battery with great bodily harm on October 23, 2008, (*doc.* 8, Ex. A at 1), and a New Mexico trial court sentenced him to eleven (11) years' imprisonment, (*id.* Ex. A at 1-3). Subsequently, the New Mexico Department of Corrections ("NMDOC") sent Petitioner to a prison in Rhode Island, where Petitioner currently serves his sentence. *Doc. 25* ¶ 3. Petitioner's petition for a writ of *habeas corpus* is the subject of the present case. *Doc. 1*. Petitioner argues in the present motion that he does not receive proper access to legal materials at his current place of incarceration, and he requests that the Court intervene on his behalf. *Doc. 24* at 1-3.

Petitioner states that he does not receive adequate access to certain books, in particular *Postconviction Remedies* and *Federal Habeas Corpus Practice and Procedure*. *Doc. 25* ¶ 8. Petitioner further states that, although he can submit one request for case authority each week, he receives only one case per request. *Id.* ¶ 28. Petitioner indicates in his reply brief that he is able to receive only one case every eight days. *Doc. 32* ¶ 15. Petitioner indicates that, although he may obtain photocopies of legal materials from the Rhode Island Department of Corrections ("RIDOC"), RIDOC charges him five cents per page, and that at this rate it would cost him $132.45 to obtain access to a complete

copy of *Federal Habeas Corpus Practice and Procedure*. *Id.* ¶ 21. Petitioner asks the Court to order Respondent to provide Petitioner with copies of all cases and authorities that Respondent cites in Respondent's filings in this case. *Doc. 25* ¶ 28. Petitioner asks the Court to hold a telephonic hearing on the issue of his access to legal materials. *Doc. 24* at 2-3. Petitioner asks the Court to grant other appropriate relief.[2] *Doc. 25* at 10.

Respondent disputes Petitioner's assertions, stating that, "[c]ontrary to Petitioner's complaints, he has the opportunity to access legal materials . . . ." *Doc. 28* ¶ 9. Respondent argues that "Petitioner is aware of the procedures for obtaining New Mexico legal resource material and has chosen, for whatever reason or reasons, not to follow the proper channels and procedures." *Id.* ¶ 7. Respondent states, "If Petitioner would request New Mexico legal resource material through the proper channels, he would have the material needed to pursue his claims in the New Mexico courts." *Id.* ¶ 8. Respondent argues that "Petitioner is aware of the procedures for obtaining New Mexico legal resource material through the New Mexico Department of Corrections.

---

[2] Respondent construes Petitioner to request that the Court do one or more of the following: (1) "[o]rder Respondent to communicate with the New Mexico Department of Corrections to have Petitioner returned to the State of New Mexico"; (2) "[o]rder Respondent to communicate with the New Mexico Department of Corrections and have them forward Petitioner the 'Postconviction Remedies and Federal Habeas Corpus Practice and Procedures Manuals' without unnecessary delay"; (3) "order appointment of counsel for Petitioner"; (4) order oral argument. *Doc. 28* ¶ 3. Respondent states that he objects to the first and fourth of these requests. The Court notes that, as to the first, second, and third of these items, Petitioner states that the Court "has the option to do one or all of" those things. *Doc. 24* at 1-2. The Court construes these statements as proposals of possible relief, but not as relief specifically requested.

The fact that Petitioner has not availed himself of the opportunity presents no ground for relief." *Id.* at 6. Respondent includes as an exhibit to his Response a copy of NMDOC's policy for providing legal resources to prisoners and states that it "contains the forms needed to order legal resource material as well as legal texts and resource materials available to Petitioner." *Id.* ¶ 4. Respondent states that Petitioner has been advised "to contact Sean Shannon, Legal Monitor, directly to obtain legal resource material."[3] *Id.* Respondent does not specifically address Petitioner's assertions that he can only obtain copies of one case per week or that he must in some circumstances buy photocopies of legal resources rather than having direct access to them.

According to the policy that Respondent has included in the attachment to *doc. 28*, it "sets forth all affirmative steps that the [NMDOC] shall take to assist inmates in obtaining access to the courts." *Id.*, 28, Ex. A at 4. The policy states, "The Legal Resources identified in the **Legal Texts and Resource Material** Attachment *(CD-121001.B)* are presently available for inmate use." *Id.*, Ex. A at 6 (emphasis in original).

---

[3] As an exhibit in support of this statement, Respondent attaches a letter purportedly sent to Petitioner that states:

> As far as requesting legal resources, please write to:
>
> Mr. Sean Shannon, Legal Monitor
> PNM VI
> P.O. Box 1059
> Santa Fe, NM 87504-1059

*Doc. 28*, Ex. A at 22.

The document titled "Legal Texts and Resource Material" lists twenty-one (21) items, including books of legal codes, policies, regulations, collections of forms, *Black's Law Dictionary*, *Post Conviction Remedies*, and four cases.  *Id.*, Ex. A at 19.  Aside from the four cases on that list, the policy nowhere explicitly indicates any means by which Petitioner may gain access to copies of relevant cases, and the policy states that "Legal Resource Centers shall provide no legal resource material except for such materials as set forth in this policy."  *Id.*, Ex. A at 7.  The policy states that "[a]ll legal reference texts and manuals available for use by inmates shall be kept in the Reserve/Reference section of the Unit Education Resource Center," but that "[a]rrangements shall be made for inmates who have limited access to the Unit Education Resource Center to review legal materials . . . ."  *Id.*, Ex. A at 6, 10.

   Petitioner vigorously disputes Respondent's assertions that Petitioner has been properly informed regarding how to access legal materials.  *Doc. 32* ¶¶ 4-13.  Petitioner states, however, that he has now written to Mr. Shannon at the address indicated in Respondent's briefing and requested access to *Postconviction Remedies.  Id.* ¶ 14.  He has expressed a hope that this will lead to a resolution of his difficulties in receiving access to that book.  *Id.*  Petitioner indicates that he understands Respondent's response to address his concerns about access to books such as *Postconviction Remedies*, but not his concerns about access to cases.  *Id.* ¶¶ 15-16.

Petitioner states that, although Respondent filed his response on April 12, 2012, Petitioner did not receive a copy of it until April 19, 2012. *Doc. 32* ¶ 3. The Court construes this statement as a request for an extension of time to file responsive documents.

## *Legal Standards*

The Supreme Court has held "that the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 830 (1977). "Any deliberate impediment to access [to the courts], even a delay of access, may constitute a constitutional deprivation." *Green v. Johnson*, 977 F.2d 1383, 1389 (10th Cir. 1992) (internal quotation marks and citation omitted).

"Because *Bounds* did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Lewis v. Casey*, 518 U.S. 343, 351 (1991). "Insofar as the right vindicated by *Bounds* is concerned, 'meaningful access to the courts is the touchstone' and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.* (internal citation omitted). "*Bounds* does not guarantee inmates the wherewithal to transform

6

themselves into litigation engines capable of filing everything from shareholder derivative actions to slip-and-fall claims.  The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally . . . ." *Id.* at 355.  "Access to the law library may be restricted, as long as the restrictions are reasonable." *Baird v. Corr. Corp. of Am.*, Civil Action No. 10-cv-00537-ZLW-CBS 2011 U.S. Dist. LEXIS 22456, at *17 (D. Colo. January 5, 2011) (citing *Johnson v. Avery*, 393 U.S. 483, 490 (1969)); *see also Twyman v. Crisp*, 584 F.2d 352, 357 (10th Cir. 1978) ("[R]estricted access to the law library is not per se denial of access to the courts.").  "[P]rison regulations which reasonably limit the times, places and manner in which inmates may engage in legal research and preparation of legal papers do not transgress the constitutionally protected rights so long as the regulations do not frustrate access to the courts." *Twyman*, 584 F.2d. at 358.  Prison officials need only provide inmates with "a reasonably adequate opportunity" to present their legal claims. *Petrick v. Maynard*, 11 F.3d 991, 994 (10th Cir. 1993) (quoting *Bounds*, 430 U.S. at 825).

Because Petitioner proceeds *pro se*, the Court construes his pleadings liberally and holds them "to a less stringent standard than [that applied to] formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[I]f the Court can reasonably read the pleadings to state a valid claim on which [Petitioner] could prevail, it should do so despite [his] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity

with pleading requirements." *Id.* This Court will not, however, "assume the role of advocate for the pro se litigant." *Id.*

## *Analysis*

In light of the requirement that a prisoner receive adequate access to legal materials, it appears to the Court that if Respondent were to deny Petitioner access to books such as *Postconviction Remedies* and *Federal Habeas Corpus and Procedures* during the pendency of this litigation, and furthermore to allow him access to only one case per week, such behavior would constitute a violation of his right of access to the Courts. Respondent does not raise arguments to the contrary, but rather denies that he has failed to provide Petitioner with access to legal resources, and explains that Petitioner need only request materials in the manner in which he has been instructed to request them. *Doc. 28* ¶¶ 7-9. Respondent's response seems intended to address Petitioner's concerns fully, and yet, reading it together with its attachment, it does not appear to do so. The response indicates that Petitioner may address his concerns by following the instructions and using the forms in the attached policy, (*id.* ¶¶ 4, 6), but the policy does not explicitly provide for Petitioner to receive copies of cases, and Petitioner's difficulty in receiving copies of cases is an important component of his complaint that he does not have adequate access to legal materials, (*see doc. 25* ¶ 28). Petitioner states that he is only able to receive a copy of one case every week, (*see id.* ¶ 28; *doc. 32* ¶ 15), and yet the policy attached by Respondent does not include any such limitation. It appears to the

8

Court that Respondent has failed to explain the mechanism by which Petitioner may receive copies of cases and failed to argue that the mechanism satisfies Petitioner's right of access to the courts. Given, however, that Respondent has not disputed that Petitioner has a right to access the legal materials to which Petitioner requests access, and given that Respondent seems to believe that Petitioner may fully vindicate his right of access to legal materials by using the forms in the attachment and sending them to Mr. Shannon at the address indicated by Respondent, the Court believes this issue may be resolved without further briefings or a hearing. The Court will order Petitioner to write to Shannon at the address provided by Respondent using the forms indicated by Respondent. Further, the Court will order Respondent to respond to such requests.

The Court will not reach a finding as to how many cases Respondent must provide Petitioner or how often Respondent must provide them. The Court will, however, order Respondent to do one of three things in response to requests for copies of cases cited by Respondent or by the Court: Respondent shall either (1) provide copies of the requested cases and materials to Petitioner, (2) file a briefing with the Court explaining why access to such cases and materials is not necessary to satisfy Petitioner's right of access to legal materials, or (3) file a briefing explaining an alternate mechanism by which Petitioner may gain access to such cases and legal materials.

Petitioner states that he did not receive Respondent's response to the present motion until one week after it was filed. As the parties have not explained the reason

9

for the delay, the Court will proceed under the assumption that this circumstance is not an issue of bad faith, but simply the result of reasonable features of the postal service and prison security. The Court will construe Petitioner's statements as a request for additional time to file pleadings and will grant the request. Taking into account the delay in Petitioner's receipt of filings as well as his need to write to New Mexico from Rhode Island to receive legal resources and to then await a response by mail, the Court will ensure that all future deadlines for Petitioner to file responsive documents in this case will be extended by fourteen (14) days.

Wherefore, **IT IS HEREBY ORDERED** that Petitioner's motion for court intervention, (*doc. 24*), is GRANTED IN PART AND DENIED IN PART; Petitioner shall use the forms identified by Respondent for requesting legal materials, including cases, and send them to Shannon at the address indicated by Respondent;

**IT IS FURTHER ORDERED** that Respondent shall ensure that NMDOC respond to such requests as required by its policies; to the extent that Petitioner requests cases cited by Respondent or the Court and that NMDOC's policies do not require NMDOC to supply copies of such cases, Respondent shall either (1) ensure that NMDOC nonetheless supplies Petitioner with copies of such cases, (2) file a briefing explaining why it is not necessary to supply Petitioner with such cases to satisfy his right of access to legal materials, or (3) file a briefing identifying an alternate mechanism by which Petitioner may obtain copies of such cases;

**IT IS FURTHER ORDERED** that Petitioner's request for a hearing is DENIED;

**IT IS FURTHER ORDERED** that all of Petitioner's future deadlines for filing responsive briefings before this Court in this case will be extended by fourteen (14) days.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE