**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

LEO L. DURAN,

       Petitioner,

v.                                         No. CIV 11-0816 JB/GBW

ATTORNEY GENERAL OF THE STATE OF
NEW MEXICO,

       Respondent.

### MEMORANDUM OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION, AND DISMISSING THE CASE

**THIS MATTER** comes before the Court on: (i) the Petitioner's Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 by a Person in State Custody, filed September 12, 2011 (Doc. 1)("Petition"); (ii) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed February 26, 2013 (Doc. 68)("PFRD"); and (iii) Petitioner's Objections to the Proposed Findings and Recommended Disposition Filed February 26 2013, filed March 12, 2013 (Doc. 71)("Objections"). While Petitioner Leo L. Duran initially raised three claims in this Petition, see Petition at 6, 7, 9A-9C (identified hereinafter as Claims One, Two, and Three), Duran subsequently voluntarily dismissed Claim One, which related to the unconstitutional selection of his trial jury. See Petitioner's Response to Respondence [sic] Response to Order for Petitioner to Produce Evidence at 2, filed March 29, 2012 (Doc. 27). This order, therefore, relates only to Claims Two and Three, for ineffective assistance of counsel and conflict of interest respectively. Having reviewed the briefing in this case, see Petition, Respondent's Answer to Petition for Writ of Habeas Corpus (28 U.S.C. § 2254), filed November 8, 2011 (Doc. 8), Order for Supplemental Briefing, filed February 17, 2012 (Doc. 15), Response to Order for

Supplemental Briefing, filed February 27, 2012 (Doc. 17), Order Setting Evidentiary Hearing, filed July 12, 2012 (Doc. 44), Respondent's Notice Re: Filing of DVD and Submission of State District Court Hearing CD to Counsel for Petitioner, filed July 16, 2012 (Doc. 45), Amended Order, filed August 9, 2012 (Doc. 50), Respondent's Notice Re: Submission of District Attorney's File to Counsel for Petitioner and the Court, filed August 22, 2012 (Doc. 54), Clerk's Minutes, filed August 28, 2012 (Doc. 56), Sealed Petitioner's Notice of Submission of Exhibits, filed August 30, 2012 (Doc. 57), Respondent's Exhibits, filed September 6, 2012 (Doc. 58), Transcript of the Evidentiary Hearing, taken August 28, 2012, filed October 1, 2012 (Doc. 61), Petitioner's Memorandum of Law in Support of the Petition filed September 12, 2011 (Doc. 62), Respondent's Memorandum Brief in Response (28 U.S.C. § 2254), filed December 10, 2012 (Doc. 66), the PFRD, and having fully considered Duran's Objections, the Court will adopt the Honorable Gregory B. Wormuth, United States Magistrate Judge's PFRD and dismiss Duran's Petition with prejudice.

## PROCEDURAL BACKGROUND

Judge Wormuth reviewed the briefing and record in this matter, and conducted an evidentiary hearing as to certain grounds raised in Claim Two. See Order Setting Evidentiary Hearing; Amended Order; Clerk's Minutes; Sealed Petitioner's Notice of Submission of Exhibits; Respondent's Exhibits; Transcript of the Evidentiary Hearing. Judge Wormuth filed his PFRD, in which Judge Wormuth recommends that the Court dismiss both Claims on the basis that Duran had failed to demonstrate that his counsel was constitutionally ineffective under the test set forth in Strickland v. Washington, 466 U.S. 686 (1984).

Duran's objections to the PFRD are: (i) the factual and state procedural background sections of the PFRD omitted relevant facts; (ii) Judge Wormuth mischaracterized Duran's

Claim Two as a failure to raise an insanity defense when, in fact, Duran's Claim Two argues that Duran's trial counsel failed to investigate and present both insanity and lack of specific intent based on mental illness defenses; (iii) Judge Wormuth's description of the legal standard for determining ineffective assistance of counsel was incomplete; (iv) Judge Wormuth was incorrect in determining that the New Mexico Supreme Court adjudicated Duran's claims on the merits; (v) and Judge Wormuth incorrectly applied a deferential, rather than de novo, standard of review. See Objections at 1-35.

## LAW REGARDING OBJECTIONS TO PROPOSED FINDINGS AND RECOMMENDATIONS

District courts may refer dispositive motions to a magistrate judge for a recommended disposition.  See Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . .").  Rule 72(b)(2) governs objections: "Within 10 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Finally, when resolving objections to a magistrate judge's proposal, "the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).  Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

"The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute." United States v. One Parcel of Real Property, With Buildings, Appurtenances, Improvements, and Contents, 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)).  As the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act, including judicial efficiency."  One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kan. Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  One Parcel, 73 F.3d at 1060.  "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, have adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'"  One Parcel, 73 F.3d at 1059 (citations omitted).  In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."  Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996).  See United States v. Garfinkle, 261 F.3d 1030, 1030-31 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").  In an unpublished opinion, the Tenth Circuit stated that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it

before the magistrate."   Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007)(unpublished).

In One Parcel, the Tenth Circuit, in accord with other courts of appeals, expanded the waiver rule to cover objections that are timely but too general.  See One Parcel, 73 F.3d at 1060. The Supreme Court of the United States -- in the course of approving the United States Court of Appeals for the Sixth Circuit's use of the waiver rule -- has noted:

> It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.  The House and Senate Reports accompanying the 1976 amendments do not expressly consider what sort of review the district court should perform when no party objects to the magistrate's report.  See S. Rep. No. 94-625, pp. 9-10 (1976) (hereafter Senate Report); H. R. Rep. No. 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p. 6162 (hereafter House Report).  There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate.  Moreover, the Subcommittee that drafted and held hearings on the 1976 amendments had before it the guidelines of the Administrative Office of the United States Courts concerning the efficient use of magistrates.  Those guidelines recommended to the district courts that "[w]here a magistrate makes a finding or ruling on a motion or an issue, his determination should become that of the district court, unless specific objection is filed within a reasonable time."  See Jurisdiction of United States Magistrates, Hearings on S. 1283 before the Subcommittee on Improvements in Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975) (emphasis added) (hereafter Senate Hearings).  The Committee also heard Judge Metzner of the Southern District of New York, the chairman of a Judicial Conference Committee on the administration of the magistrate system, testify that he personally followed that practice.  See id., at 11 ("If any objections come in, . . . I review [the record] and decide it.  If no objections come in, I merely sign the magistrate's order.").  The Judicial Conference of the United States, which supported the *de novo* standard of review eventually incorporated in § 636(b)(1)(C), opined that in most instances no party would object to the magistrate's recommendation, and the litigation would terminate with the judge's adoption of the magistrate's report.  See Senate Hearings, at 35, 37.  Congress apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would trigger district court review.  There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed.  It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort.  We thus

find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

Thomas v. Arn, 474 U.S. at 150-52 (emphasis in original)(footnotes omitted).

The Tenth Circuit also noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'" One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations.")(citations omitted). Cf. Thomas v. Arn, 474 U.S. at 154 (noting that, while "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask," a failure to object "does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard"). In One Parcel, the Tenth Circuit noted that the district judge had decided sua sponte to conduct a de novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal because it would advance the interests underlying the waiver rule. See 73 F.3d at 1060-61 (citing cases from other circuits where district courts elected to address merits despite potential application of waiver rule, but circuit courts opted to enforce waiver rule).

Where a party files timely and specific objections to the magistrate judge's proposed findings and recommendation, "on [] dispositive motions, the statute calls for a *de novo* determination, not a *de novo* hearing." United States v. Raddatz, 447 U.S. 667, 674 (1980). "[I]n providing for a '*de novo* determination' rather than *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." United States v. Raddatz, 447 U.S. at 676 (quoting 28 U.S.C. § 636(b); citing Mathews v. Weber, 423 U.S. 261, 275 (1976)).

The Tenth Circuit requires a "district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation," when conducting a de novo review of a party's timely, specific objections to the magistrate's report.  In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995).   "When objections are made to the magistrate's factual findings based on conflicting testimony or evidence . . . .  the district court must, at a minimum, listen to a tape recording or read a transcript of the evidentiary hearing."  Gee v. Estes, 829 F.2d 1005, 1008-09 (10th Cir. 1987).

A district court must "clearly indicate that it is conducting a de novo determination" when a party objects to the magistrate's report "based upon conflicting evidence or testimony." Gee v. Estes, 829 F.2d at 1009.   On the other hand, a district court fails to meet the requirements of 28 U.S.C. § 636(b)(1) when it indicates that it gave "considerable deference to the magistrate's order."  Ocelot Oil Corp. v. Sparro Indus., 847 F.2d 1458, 1464 (10th Cir. 1988).  A district court need not, however, "make any specific findings; the district court must merely conduct a de novo review of the record."   Garcia v. City of Albuquerque, 232 F.3d 760, 766 (10th Cir. 2000).   "[T]he district court is presumed to know that de novo review is required. . . . Consequently, a brief order expressly stating the court conducted de novo review is sufficient." Northington v. Marin, 102 F.3d 1564, 1570 (10th Cir. 1996)(citing In re Griego, 64 F.3d at 583- 84).   "[E]xpress references to de novo review in its order must be taken to mean it properly considered the pertinent portions of the record, absent some clear indication otherwise." Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d 722, 724 (10th Cir. 1993).  The Tenth Circuit has previously held that a district court properly conducted a de novo review of a party's evidentiary objections when the district court's "terse" order contained one sentence for each of the party's "substantive claims" and did "not mention his procedural challenges to the

jurisdiction of the magistrate to hear the motion."  Garcia v. City of Albuquerque, 232 F.3d at

766.  The Tenth Circuit has explained that brief district court orders that "merely repeat the

language of § 636(b)(1) to indicate its compliance" are sufficient to demonstrate that the district

court conducted a de novo review:

> It is common practice among district judges in this circuit to make such a
> statement and adopt the magistrate judges' recommended dispositions when they
> find that magistrate judges have dealt with the issues fully and accurately and that
> they could add little of value to that analysis.  We cannot interpret the district
> court's statement as establishing that it failed to perform the required de novo
> review.

In re Griego, 64 F.3d at 584.

Notably, because a district court may place whatever reliance it chooses on a magistrate's

proposed findings and recommendations, a district court "may accept, reject, or modify, in whole

or in part, the findings or recommendations made by the magistrate," 28 U.S.C. § 636(b)(1), as

"Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial

discretion, chose to place on a magistrate's proposed findings and recommendations," United

States v. Raddatz, 447 U.S. at 676)(emphasis omitted).  See Bratcher v. Bray-Doyle Indep. Sch.

Dist. No. 42, 8 F.3d at 724-25 (holding that the district court's adoption of the magistrate judge's

"particular reasonable-hour estimates" is consistent with the de novo determination that 28

U.S.C. § 636(b)(1) and  United States v. Raddatz require).

Where no party objects to the magistrate judge's proposed findings and recommended

disposition, the Court has, as a matter of course in the past and in the interests of justice,

reviewed the magistrate judge's recommendations.  In Pablo v. Soc. Sec. Admin., No. CIV 11-

0132 JB/ACT, 2013 WL 1010401 (D.N.M. Feb. 27, 2013)(Browning, J.), the plaintiff failed to

respond to the magistrate judge's proposed findings and recommended disposition and thus

waived his right to appeal the recommendations, but the Court nevertheless conducted a review.

The Court generally does not, however, "review the PF&RD de novo, because the parties have not objected thereto, but rather review[s] the recommendations to determine whether they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion." Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *4. The Court, thus, does not determine independently what it would do if the issues had come before the Court first, but rather adopts the proposed findings and recommended disposition where "[t]he Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion." Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *4. See Alexandre v. Astrue, No. CIV 11-0384 JB/SMV, 2013 WL 1010439, at *4 (D.N.M. Feb. 27, 2013)(Browning, J.)("The Court rather reviewed the findings and recommendations of the Honorable Stephan M. Vidmar, United States Magistrate Judge, to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. The Court determines that they are not, and will therefore adopt the PFRD."); Trujillo v. Soc. Sec. Admin., CIV 12-1125 JB/KBM, 2013 WL 1009050, at *5 (D.N.M. Feb. 28, 2013)(Browning, J.)(adopting the proposed findings and conclusions, noting: "The Court did not review the ARD de novo, because Trujillo has not objected to it, but rather reviewed the . . . findings and recommendation to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, which they are not"). This review, which is deferential to the magistrate judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the waiver rule's intent than no review at all or a full-fledged review. Accordingly, the Court considers this standard of review appropriate. See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers

-9-

appropriate.").  The Court is reluctant to have no review at all if its name is going at the bottom of the order adopting the magistrate judge's proposed findings and recommendations.

## ANALYSIS

Duran specifically objects to much of the PFRD, and the Court will thus make de novo determination to each issue in Judge Wormuth's PFRD to which he objects.  Duran first objects to Judge Wormuth's recitations of the underlying criminal case and state procedural background. The Court agrees with Judge Wormuth's recitations of the background of the criminal case, but will also consider the additional materials Duran supplements with material gleaned from the evidentiary hearing held before Judge Wormuth on August 28, 2012.  Because the Court agrees with Judge Wormuth's summary and characterizations of Duran's allegations, the Court will overrule Duran's second objection.  Third, Duran objects to Judge Wormuth's characterization of the legal standards for an ineffective-assistance-of-counsel claim.  The Court, however, agrees with Judge Wormuth's statements of the law and characterization of the applicable legal standards, and will thus overrule Duran's objection.  Fourth, the court overrules Duran's objections to Judge Wormuth's determination that the state court adjudicated his claims on their merits, because the Court agrees that the Supreme Court of New Mexico reached its decision in Duran's state case on the merits.  The Court agrees with Judge Wormuth that Duran fails to show that his assistance of counsel was unconstitutionally ineffective in his state court case, and the Court will therefore overrule his objection to the PFRD on these grounds.  Finally, because Duran fails to meet Strickland v. Washington ineffective-assistance-of-counsel test's first prong, and because the applicable law does not require Judge Wormuth to then consider the second prong, the Court overrules Duran's objection to Judge Wormuth's decision not to consider Strickland v. Washington's prejudice prong.

I.     THE COURT OVERRULES DURAN'S OBJECTIONS TO THE PFRD'S RECITATION OF THE UNDERLYING CRIMINAL CASE AND STATE PROCEDURAL BACKGROUND.

Duran generally objects to Sections I(A) and (B) of Judge Wormuth's PFRD on the basis that both Sections are incomplete. See Objections at 1-13.  The Court has reviewed both the PFRD and Duran's proposed additions to these sections. Although Duran does not specify where he has identified missing information in Judge Wormuth's PFRD, Duran appears to wish to supplement Judge Wormuth's recitation of Section I(A) with additional information gleaned from the evidentiary hearing held before Judge Wormuth on August 28, 2012. See  Objections at 1-12.  The Court will consider these additional details to the extent that they provide any further relevant information to the Court in evaluating Judge Wormuth's conclusions set forth in his PFRD.  As to Section I(B), Duran appears to argue that Judge Wormuth should have included further detail about Duran's current incarceration and underlying appeal.  See Objections at 12-13.  Having reviewed Judge Wormuth's state procedural recitation in the PFRD's Section I(B), the Court finds it to be adequate for the purposes of ruling on Duran's Petition.  To the extent, however, that the additional procedural background is relevant to the Court's review Judge Wormuth's PFRD, the Court is aware of these details.  Accordingly, the Court will overrule the objections to this section, but will nevertheless consider Duran's additional information.

II.    THE COURT OVERRULES DURAN'S OBJECTIONS TO JUDGE WORMUTH'S SUMMARY OF HIS CLAIMS.

Duran next argues that Judge Wormuth mischaracterized his ineffective assistance of counsel claim.  See Objections at 13-14.  Duran complains that Judge Wormuth erred in characterizing his claim for ineffective assistance of counsel as being based solely in "failure to raise an insanity defense." Objections at 13-14.  Instead, Duran argues that his claim for ineffective assistance of counsel is properly characterized as alleging that Duran's trial counsel

was "constitutionally ineffective for failing to adequately investigate and present the defenses of insanity and lack of specific intent to commit aggravated assault because of his mental illness [which are] different defenses that are not mutually exclusive."  Objections at 14.  Duran cites his Petition, specifically pages 7-9, in support of his contention.  Objections at 14.

The Court has reviewed the relevant section of Duran's Petition.  The Court agrees that Judge Wormuth should characterize Duran's Claim Two, for ineffective assistance of counsel, as both failure to investigate and present an insanity defense and failure to present a lack of specific intent defense.  Because Judge Wormuth considered only the insanity defense portion of Duran's ineffective assistance of counsel claim, the Court will consider Duran's claim of ineffective assistance in relation to failure to present a lack of specific intent defense.  See Section IV, infra, at 12-13.  Accordingly, the Court overrules the objection in part and sustains the objection in part, and will consider the additional ineffective assistance claim.

## III.  THE COURT OVERRULES DURAN'S OBJECTIONS TO JUDGE WORMUTH'S CHARACTERIZATION OF THE LEGAL STANDARD FOR INEFFECTIVE ASSISTANCE OF COUNSEL.

Duran objects to Judge Wormuth's characterization of the standard for ineffective assistance of counsel under federal law insofar as Judge Wormuth failed to include two specific quotations from Strickland v. Washington, 466 U.S. 686 (1984).  See Objections at 14-15.  The Court has reviewed Judge Wormuth's recitation of the legal standard in the PFRD, see PFRD at 9-10, and finds that the legal standard that Judge Wormuth recites adequately sets forth the legal standard for ineffective assistance of counsel.  The Court further notes that, while Duran complains that Judge Wormuth did not discuss the "applicable standards concerning prejudice" set forth in Strickland v. Washington, Objections at 15, Judge Wormuth quotes the language on

page 10 of the PFRD the language that Duran seeks included.  See PFRD at 10.  The Court will therefore overrule the objection.

## IV.    THE COURT OVERRULES DURAN'S OBJECTIONS TO JUDGE WORMUTH'S DETERMINATION THAT THE STATE COURT ADJUDICATED HIS CLAIMS ON THEIR MERITS.

Duran objects to Judge Wormuth's determination that the Supreme Court of New Mexico adjudicated his Claims on the merits.  Duran argues that, because the Supreme Court of New Mexico failed to allow Duran to obtain and present relevant evidence by conducting an evidentiary hearing or otherwise developing the record, its adjudication of the Petition cannot be held to have been made on the merits.  See Objections at 16.  In support of his contention, Duran cites Winston v. Pearson (Winston II), 683 F.3d 489 (4th Cir. 2012); Winston v. Kelly (Winston I), 592 F.3d 535 (4th Cir. 2010); and Wilson v. Workman, 577 F.3d 1284, 1293 (10th Cir. 2009) (en banc), and argues that the Supreme Court of the United States' decisions in Harrington v. Richter, 131 S. Ct. 770 (2011), and Johnson v. Williams, 133 S. Ct. 1088 (2013), are not applicable to his case, because they involved cases that the state court had adjudicated on the merits.  See Objections at 15-16.

The Court agrees with Judge Wormuth's determination that Wilson v. Workman, the sole Tenth Circuit case cited by Duran, is a pre-Harrington v. Richter, decision and that subsequent Tenth Circuit law limited Wilson v. Workman to its facts.  See PFRD at 11-12.  As to the United States Court of Appeals for the Fourth Circuit's holdings in Winston I and Winston II, the Court further agrees with Judge Wormuth's reading of Winston II as applying the law-of-the-case doctrine in refusing to disturb its ruling in Winston I.  See PFRD at 12.

Duran's Objections cite no case law to the support the propositions that: (i) post-Harrington v. Richter, a § 2254 petitioner alleging ineffective assistance of counsel is per se

-13-

entitled to an evidentiary hearing at the state court level; and (ii) a failure of the state court to provide an evidentiary hearing automatically leads to the conclusion that a state court has not reached its decision on the merits.  Nor has Duran presented any evidence that would rebut the presumption <u>Harrington v. Richter</u> set forth, that the state court's decision was made on the merits.  <u>See</u> 131 S. Ct. at 785.

The Court therefore finds that Judge Wormuth correctly determined that the Supreme Court of New Mexico reached its decision on the merits, and that he properly applied a deferential standard of review.  The Court overrules Duran's objection to Judge Wormuth's conclusion that Supreme Court of New Mexico reached a decision on the merits.

## V.    THE COURT OVERRULES DURAN'S OBJECTIONS TO JUDGE WORMUTH'S DETERMINATION THAT COUNSEL WAS NOT INEFFECTIVE.

In his Objections, Duran challenges only Judge Wormuth's determination on ineffective assistance of counsel, apparently abandoning his conflict-of-interest argument.  <u>See</u> Objections at 21-35.  Because Duran thus does not specifically object to this portion of the PFRD, the Court has not made a de novo determination of Judge Wormuth's Claim Three recommendations.  <u>See</u> <u>One Parcel</u>, 73 F.3d at 1060 (noting that, "a party's objections to the magistrate judge's report and recommendation must be both timely and <u>specific</u> to preserve an issue for de novo review by the district court or for appellate review" (emphasis added)).  The Court has nevertheless reviewed Judge Wormuth's Claim Three recommendations for whether they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, and has determined that they are not.  <u>See</u> <u>Pablo v. Soc. Sec. Admin.</u>, 2013 WL 1010401, at *4 (noting that, the party does not "review the PF&RD de novo, [where] the parties have not objected thereto, but rather review[s] the recommendations to determine whether they are clearly erroneous, arbitrary,

obviously contrary to law, or an abuse of discretion.").  Accordingly, the Court thus adopts Judge Wormuth's PFRD as to Claim Three.

With regard to the remaining claim for ineffective assistance of counsel based on the failure to raise either an insanity defense or inability to form specific intent defense, Duran clarifies that he brings this Claim under both §§ 2254(d)(1) and (d)(2).  The Court will thus make a de novo determination about Duran's objections in light of his clarification.

### A.    THE LAW REGARDING 28 U.S.C. § 2254 REQUIRES DURAN TO SHOW A VIOLATION OF FEDERAL LAW.

Under 28 U.S.C. § 2254, a federal court may grant a state prisoner's application for writ of habeas corpus only where the state prisoner is held in "in violation of the Constitution or laws or treaties of the United States," and the prisoner has, with certain exceptions not relevant here, exhausted state remedies.  28 U.S.C. § 2254 (a)-(c).  If a prisoner's claims have been adjudicated on their merits at the state court level, such application can be granted only if the state court acted contrary to, or unreasonably applied, "clearly established Federal law, as determined by the Supreme Court of the United States" or if the state court's ruling "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).  When reviewing the application, the federal court must be "highly deferential to the state court's rulings.  Woodford v. Visciotti, 537 U.S. 19, 24 (2002).

Under § 2254(d)(1), the threshold inquiry is whether there is a clearly established federal law as determined by a review of holdings of the Supreme Court.  See House v. Hatch, 527 F.3d 1010, 1015 (10th Cir. 2008).  A state court acts contrary to clearly established federal law "if the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts."  Bell v. Cone, 535 U.S. 685, 694 (2002).  A state court unreasonably

applies clearly established law where it "identifies the correct governing legal principle from th[e Supreme] Court's decisions but unreasonably applies that principle to the facts of Duran's case." Wiggins v. Smith, 539 U.S. 510, 520 (2003) (citation omitted).

"Section 2254(d)(2) . . . is a daunting standard—one that will be satisfied in relatively few cases." Byrd v. Workman, 645 F.3d 1159, 1172 (10th Cir. 2011) (internal quotation marks omitted). While the Supreme Court not definitively established what constitutes an "unreasonable" determination, "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." Wood v. Allen, 130 S. Ct. 841, 849 (2010). Rather, it is "whe[n] the state courts plainly misapprehend or misstate the record in making their findings, and the misapprehension goes to a material factual issue that is central to Duran's claim, that misapprehension can fatally undermine the fact-finding process, rendering the resulting factual finding unreasonable." Byrd v. Workman, 645 F.3d at 1171-72.

As the Tenth Circuit further explained in Byrd v. Workman, "[the federal habeas court's] standard of review changes if there has been no state-court adjudication on the merits of the petitioner's claim. In such situations, § 2254(d)'s deferential standards of review do not apply." 645 F.3d at 1166-67 (citations and quotation marks omitted). Where there is no state court adjudication on the merits, the federal habeas court should conduct a de novo review of the petitioner's habeas claim. See Young v. Sirmons, 551 F.3d 942, 955 (10th Cir. 2008).

**B.     THE LAW REGARDING INEFFECTIVE ASSISTANCE OF COUNSEL REQUIRES ERROR SO SEVER THAT IT DENY'S DURAN COUNSEL.**

The law is well settled that the Sixth Amendment of the United States Constitution guarantees the right to effective assistance of counsel at trial. See Strickland v. Washington, 466 U.S. at 686. An ineffective-assistance-of-counsel contention in a § 2254(d)(1) petition must

show: (i) "counsel's representation fell below an objective standard of reasonableness," and (ii) "the deficient performance prejudiced the defense."  Strickland v. Washington, 466 U.S. at 687-88.  For counsel's performance to fall outside the bounds of professional reasonableness, Duran must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  Strickland v. Washington, 466 U.S. at 687. To show prejudice, Duran must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland v. Washington, 466 U.S. at 694.  A court "may address the performance and prejudice components in any order, but need not address both if [the defendant] fails to make a sufficient showing of one." Cooks v. Ward, 165 F.3d 1283, 1292-93 (10th Cir. 1998).

To succeed on his ineffective assistance of counsel claim under § 2254(d)(2), Duran must demonstrate that the state court's factual determinations as to his sanity at the time of the altercation and counsel's alleged conflicts of interest are objectively unreasonable in light of the evidence presented to the state court.  "'[A] determination of a factual issue made by a State court [is] presumed to be correct,' and the petitioner shall have 'the burden of rebutting the presumption of correctness by clear and convincing evidence.'" Wood v. Allen, 130 S. Ct. at 845 (quoting § 2254(e)(1)).

### C.   THE STATE COURT REASONABLY DETERMINED THAT FREDERICK REESE, DURAN'S STATE COURT COUNSEL, WAS EFFECTIVE ALTHOUGH HE FAILED TO RAISE THE DEFENSE OF LACK OF SPECIFIC INTENT AT TRIAL.

Duran argues that Judge Wormuth mischaracterized his assertion of ineffective assistance of counsel as pertaining only to the failure to raise an insanity defense, when it also included an assertion of failure to present a lack of specific intent based on mental incapacity defense.

Because Duran's Claim Two can be fairly read to assert this defense, <u>see</u> Petition at 7, the Court evaluates that claim now.

Duran argues that Mr. Reese failed to consider records of his mental illness maintained at Curry County Adult Detention Center ("CCADC") and the forensic report that Dr. Richard Fink, Ph.D., prepared, which together indicate that, because of his mental illness, when unmedicated, Duran was unable to form the requisite specific intent to commit aggravated battery. <u>See</u> Petition at 7. Duran contends that counsel was constitutionally ineffective when he chose not to investigate and present a failure-to-form-specific-intent defense based on this lack of treatment and pre-existing mental illness. <u>See</u> Objections at 23-35.

As Judge Wormuth explained in his PFRD, Mr. Reese's conduct must be evaluated with great deference to trial counsel's strategic choices. <u>Strickland v. Washington</u>, 466 U.S. at 689; <u>Knowles v. Mirzayance</u>, 556 U.S. 111, 123 (2009)(A "doubly deferential judicial review . . . applies to a <u>Strickland</u> claim evaluated under the § 2254(d)(1) standard."). Moreover, as the Supreme Court explained in <u>Harrington v. Richter</u>, "[r]are are the situations in which the 'wide latitude counsel must have in making tactical decisions' will be limited to any one technique or approach." 131 S. Ct. at 789 (citation omitted).

The cases that Duran cites in support of his argument of ineffective assistance are unavailing. For example, in <u>Bouchillon v. Collins</u>, 907 F.2d 589 (5th Cir. 1990), at issue was the defendant's competency at the time of the plea and the availability of an insanity defense. As the United States Court of Appeals for the Fifth Circuit noted there, in spite of an established history of mental illness "[defense counsel] did no investigation of any kind because he said that [petitioner] appeared rational." <u>Bouchillon v. Collins</u>, 907 F.2d at 596. It was this lack of investigation on which the court premised its ruling. 907 F.2d at 597. The United States Court

of Appeals for the Seventh Circuit in <u>Brown v. Sternes</u>, 304 F.3d 677, 694-95 (7th Cir. 2002), and the United States Court of Appeals for the Third Circuit in <u>Jacobs v. Horn</u>, 395 F.3d 92, 103-04 (3d Cir. 2005), dealt with similar scenarios, in which trial counsel failed to conduct investigations into the availability of insanity defenses. <u>Couch v. Booker</u>, 632 F.3d 241 (6th Cir. 2011), is another case of failure to conduct an investigation, although that case involved a failure to obtain a fire department report that had direct bearing on the cause of death of a victim in a murder trial. <u>See</u> 632 F.3d at 246-47.

Duran's case is not one in which defense counsel failed to conduct an investigation. Rather, here Mr. Reese was both familiar with, and investigated, Duran's history of mental illness. <u>See</u> PFRD at 15. As Judge Wormuth explains in the PFRD, Mr. Reese was on notice of Duran's psychological issues because he had previously and relatively recently represented Duran in a case where Duran pled "guilty but mentally ill." <u>See</u> Record Proper from state court proceedings at 113, filed July 16, 2012 (Docs. 45 & 46)("RP"). Further, Mr. Reese conducted some investigation into his client's psychological state by ordering Dr. Fink's psychological report with a specific request to inquire into Duran's ability to form specific intent. <u>See</u> RP 16-17. Finally, in choosing his defense strategy, Mr. Reese had to take into account significant pieces of evidence that would significantly undercut an inability-to-form-specific-intent defense, namely, the videotape that showed the entire assault, on which Duran appeared in control of his actions, and the eye witness testimony of the event. Mr. Reese was thus demonstrably aware of the potential to raise the defense of inability to form specific intent by reason of mental illness and, also, the potential consequences of raising such a defense. "Whether to raise a particular defense is one aspect of trial strategy, and informed 'strategic or tactical decisions on the part of counsel are presumed correct, unless they were completely unreasonable, not merely wrong.'"

Anderson v. Attorney Gen. of Kan., 425 F.3d 853, 859 (10th Cir. 2005) (*quoting* Bullock v. Carver, 297 F.3d 1036, 1047 (10th Cir. 2002)).

The facts support Mr. Reese's strategic decision.  Duran, while he was being arraigned with the victim, heard that the victim was being arraigned on charges of criminal sexual penetration and contributing to the delinquency of a minor.  See PFRD at 2.  As the video of the assault depicts, Duran then attacked the victim and immediately afterwards stated that he had attacked the victim because he was child molester.  See PFRD at 2.  Furthermore, the eye witness testimony about the event did not suggest that any mental instability motivated Duran's actions. Ray Bays, who witnessed the assault, testified that Duran requested to be released from his handcuffs to make a telephone call and, as soon as he was released, walked over and punched the victim.  See Transcript of Trial at 22:5-23 (taken Oct. 23, 2008), filed October 19, 2012 (Doc. 64)(Bays, Chavez).  Nothing in this sequence of events indicates that Duran lacked the mental capacity to form the specific intent to batter the victim; to the contrary, it indicates that he had formed and executed on that intent.  Nor has Duran cited any case law to support the proposition that because Mr. Reese could have presented more than one defense, he was required to do so in order to be constitutionally effective.  See Objections at 31.   The Court cannot therefore soundly say that the decision to assert a failure to meet the elements defense as opposed to an inability to form specific intent defense was a completely unreasonable strategic decision, particularly in light of the evidence presented in this case.  See United States v. Baker, 371 F. App'x 987, 989 (10th Cir. 2010) (holding that the decision to pursue one defense to the exclusion of another, even where the chosen defense fails, does not make the chosen defense unreasonable.)

What Duran now suggests is that the Court perform the Monday-morning quarterbacking that Strickland v. Washington and Harrington v. Richter forbid.  The Court will not do so.  As

with the decision not to present an insanity defense, Mr. Reese exercised his professional judgment and drew on his prior experience with his client.  Having evaluated Mr. Reese's decision, the Court finds that his choice to proceed with a failure-to-make-out-the-elements defense was a reasonable exercise of professional judgment.   Because Duran has not demonstrated that Mr. Reese's representation was objectively unreasonable as <u>Strickland v. Washington</u> requires, the Court finds that the Supreme Court of New Mexico did not unreasonably apply, nor act contrary to, clearly established federal law in denying this contention.  The Court will therefore overrule Duran's objection to Judge Wormuth's finding and conclusion on the ineffective assistance claim to the extent it is based on Duran's contention that Mr. Reese failed to assert that Duran could not form the specific intent that the crime requires.

### D.   DURAN HAS NOT REBUTTED ANY OF THE STATE COURT'S FACTUAL DETERMINATIONS.

While Duran now contends that he brings his petition under § 2254(d)(2) as well as (d)(1), he still fails to indicate the facts he believes the state court unreasonably determined in reference to either of his ineffective-assistance-of-counsel arguments.  Any state court factual determination is "presumed to be correct."  28 U.S.C. § 2254(e)(1).  Duran "ha[s] the burden of rebutting the presumption of correctness by clear and convincing evidence."   28 U.S.C. § 2254(e)(1).  This burden remains even when, as here, the state court's decision lacks any explanation or analysis.  <u>Harrington v. Richter,</u> 131 S. Ct. at 784.  To the extent that Duran is raising any challenge under § 2254(d)(2), he has failed to overcome the presumption of correctness.

**E.   JUDGE WORMUTH PROPERLY DETERMINED THAT COUNSEL WAS NOT INEFFECTIVE FOR FAILING TO RAISE AN INSANITY DEFENSE.**

In addition to Duran's argument that Judge Wormuth failed to consider his ineffective-assistance-of-counsel argument in reference to an ability-to-form-specific-intent defense, Duran also argues that Judge Wormuth incorrectly determined that Mr. Reese's conduct was not unreasonable when Mr. Reese declined to pursue an insanity defense.  Duran contends that Mr. Reese's failure to investigate his demonstrated history of mental illness led to his unreasonable strategic trial decision not to pursue an insanity defense.  In support of this position, Duran argues that Judge Wormuth erred in following Anderson v. Attorney General of Kan., and again directs the Court to Bouchillon v. Collins, Brown v. Sternes, Jacobs v. Horn, and Couch v. Booker.

As discussed both in Section V(C), supra, and in the PFRD at pages 15 and 16, each of the cases to which Duran cites are distinguishable from his and, further, do not reflect the Tenth Circuit's holdings.  Anderson v. Attorney General of Kan., on the other hand, is applicable to Duran's scenario.  Duran correctly points out that Anderson v. Attorney General of Kan. differs from Duran's case in three ways: (i) it dealt with the insanity defense under Kansas law; (ii) the petitioner there had not shown that he met the standard for presenting an insanity defense; and (iii) the presentation of multiple defenses in that case would have been incompatible.  See Objections at 26.

But Duran does not take into account, however, the larger implications of Anderson v. Attorney General of Kan., which are that the decision to pursue an insanity defense is necessarily a strategic decision that counsel made, and that this decision is evaluated within the context of

the case at issue. <u>See</u> 425 F.3d 853, 859.  As the Tenth Circuit explained, the central inquiries

into the reasonableness of a strategic trial decision are:

> (1) that counsel made a strategic decision and (2) that the decision was adequately
> informed.  If counsel was not adequately informed, the strategic decision was
> reasonable <u>only to the extent that counsel's decision not to investigate fully the
> law and facts possibly relevant to the defense was a reasonable professional
> judgment</u>.  [A] particular decision not to investigate must be directly assessed for
> reasonableness in all the circumstances, applying a heavy measure of deference to
> counsel's judgments.

<u>Anderson v. Attorney General of Kan.</u>, 425 F.3d at 859 (citations and quotations omitted)

(emphasis added). Judge Wormuth concluded, based on his review of the Petition and

record, that Mr. Reese made an informed strategic decision, based on his experience with

Duran, not to pursue an insanity defense.  <u>See</u> PFRD at 17-18.  Further, based on Mr.

Reese's demonstrated familiarity with Duran, as discussed at length in the PFRD at pages

14-18, and in Section V(D), <u>supra</u>, the Court finds that, even if Mr. Reese could have

conducted a more thorough investigation into Duran's history of mental illness, his

decision to forego an insanity defense was a reasonable exercise of his professional

judgment.  Accordingly, the Court overrules Duran's Objection to Judge Wormuth's

PFRD in reference to his findings on ineffective assistance for failure to raise an insanity

defense, and the Court will adopt Judge Wormuth's recommended finding that Mr. Reese

was not constitutionally ineffective.

## VI.   THE APPLICABLE LAW DOES NOT REQUIRE JUDGE WORMUTH TO CONSIDER *STRICKLAND V. WASHINGTON*'S PREJUDICE PRONG.

Duran's final argument is that Judge Wormuth improperly failed to consider <u>Strickland v.</u>

<u>Washington</u>'s prejudice prong.  <u>See</u> Objections at 31.  The Supreme Court explains in <u>Strickland</u>

<u>v. Washington</u> that "there is no reason for a court deciding an ineffective assistance claim to

approach the inquiry in [any particular order] or even to address both components of the inquiry

if the defendant makes an insufficient showing on one." 466 U.S. at 697.   Moreover, it is well-settled Tenth Circuit law that, where a petitioner fails one prong of the <u>Strickland v. Washington</u> test, as Duran has done here, the court is not required to consider the other prong.  <u>See</u> <u>Cooks v. Ward</u>, 165 F.3d at 1292-93; <u>Wackerly v. Workman</u>, 580 F.3d 1171, 1176 (10th Cir. 2009). Because Judge Wormuth found, and the Court agrees, that Duran failed to show that Mr. Reese's performance fell outside the bounds of reasonable conduct by counsel, the Court will not consider Duran's prejudice argument and will overrule this objection.

The Court, having conducted a de novo determination of the issues in Judge Wormuth's PFRD to which Duran objects, agrees with Judge Wormuth's findings and recommended disposition.  The Court thus adopts Judge Wormuth's PFRD.

**IT IS ORDERED** that: (i) the Petitioner's Objections to the Proposed Findings and Recommended Disposition Filed February 26 2013, filed March 12, 2013 (Doc. 71), are overruled; (ii) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed February 26, 2013 (Doc. 68), is adopted; and (iii) the Petitioner's Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 by a Person in State Custody, filed September 12, 2011 (Doc. 1), is dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Barbara A. Mandel
  Assistant Federal Public Defender
Federal Public Defender's Office
Las Cruces, New Mexico

*Attorney for the Petitioner*

Gary King
  Attorney General of New Mexico
Margaret E. McLean
Martha A. Kelly
  Assistant Attorneys General
New Mexico Attorney General's Office
Santa Fe, New Mexico

  *Attorneys for the Respondent*